IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| QUENTIN D. WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:11-CV-22-O (BH) |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251,* this case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court is *Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law in Support Thereof*, filed June 1, 2011 (doc. 11). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

## I. BACKGROUND

On July 17, 2008, plaintiff Quentin D. Walker ("Plaintiff") applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (doc. 11, p. 2.) Both of his applications were denied by written notice dated September 30, 2008. (doc. 11-2, p. 1.) The notice denying his claims advised him that he had sixty days from the day he received the notice to ask for an appeal, and that it would be assumed he had received the notice five days after the date on it, unless he showed otherwise. (*Id.*) The notice further advised him that he "must have a good reason for waiting more than 60 days to ask for an appeal." (*Id.*) Plaintiff filed a request for reconsideration almost 20 months later on July 28, 2010. (doc. 11-3, pp. 1-3.) To establish good cause for this late filing, Plaintiff explained that he thought he had filed his appeal "on

the internet." (*Id.*, pp. 1-2.) The Commissioner of Social Security rejected his explanation and refused to grant his untimely request for reconsideration. (doc. 11-4, pp. 1-2.)

Plaintiff filed suit in federal district court on October 15, 2010, seeking review of the decision denying his untimely request for reconsideration. *See Walker v. Astrue,* No. 7:10-CV-152-O (N.D. Tex.) (*Walker I*). He alleged that he had not been given the full ten days for reconsideration and that his equal rights had been violated. *See id.* at docs. 1, 6. This Court dismissed for lack of subject matter jurisdiction based on plaintiff's failure to exhaust administrative remedies by judgment dated March 1, 2011. *See id.* at doc. 24.

While the government's motion to dismiss was pending in *Walker I* but before the Court entered judgment, Plaintiff filed this action again complaining that he had not been given the full ten days for reconsideration and that his equal rights had been violated. *See* Compl. (doc. 1). The commissioner now moves to also dismiss this action under Fed. R. Civ. P. 12(b)(1) for failure to exhaust his administrative remedies. Plaintiff failed to respond to the motion.

## II. RULE 12(b)(1) STANDARD

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the

complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* Where the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Here, the Commissioner has attached exhibits in support of its 12(b)(1) motion to dismiss. The motion therefore presents a factual attack, and no presumption of truth attaches to Plaintiff's factual allegations. There are no disputed facts to resolve, however, because the Commissioner's proffered evidence is uncontested.

### III.  EXHAUSTION OF REMEDIES

The Commissioner contends that there is no subject matter jurisdiction under § 405(g) because Plaintiff has failed to receive a "final decision" from the Commissioner and has therefore failed to exhaust his administrative remedies. (doc. 11, pp. 3-4.)

3

The Social Security Act allows a claimant to obtain judicial review of a "final decision of the Commissioner" by filing a civil action in federal district court. 42 U.S.C. § 405 (g). A claimant receives a "final decision" after exhausting his administrative remedies. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). To satisfy the exhaustion requirement, a claimant must first file a claim for social security benefits. *See* 20 C.F.R. § 404.900(a)(1). If dissatisfied with the initial determination, he may file a request for reconsideration within 60 days of being notified of the initial determination. *Id.* §404.900(a)(2). If still dissatisfied, he may request a hearing before an administrative law judge ("ALJ"). *Id.* § 404.900(a)(3). If he disagrees with the ALJ's decision, he may appeal it to the Appeals Council. *Id.* § 404.900(a)(4). Only after completing this four-step administrative review process does he receive the final decision of the Commissioner and the right to seek judicial review in a federal district court. *See id.* § 404.900 (a)(5) and (b); *Sims*, 530 U.S. at 106-07.

Here, the evidence shows that Plaintiff has failed to exhaust his administrative remedies. He has failed to timely request a reconsideration, ask for a hearing before an ALJ, or seek review by the Appeal's Council. Without a "final decision" from the Commissioner, this Court is without subject matter jurisdiction to review Plaintiff's complaint.[1]

## IV. CONCLUSION

The Commissioner's motion to dismiss should be **GRANTED** and this case should be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

---

[1] As noted in *Walker I,* although Plaintiff is not required to exhaust administrative remedies before seeking relief in federal court for constitutional violations, his conclusory assertion of a violation of his equal rights does not present a colorable constitutional claim. *See Walker I,* at doc. 22 at n. 1, citing *Califano v. Sanders*, 430 U.S. 99, 108 (1977) and *Robertson v. Bowen*, 803 F.3d 808, 810 (5th Cir. 1986).

**SO RECOMMENDED** on this 13th day of July, 2011.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE